IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 17-68950-pmb |
| LEGURTHA BAILEY RILEY, | CHAPTER: 13 |
| Debtor. | JUDGE: PAUL BAISIER |
| WELLS FARGO BANK, N.A., | CONTESTED MATTER |
| Movant, | |
| v. | |
| LEGURTHA BAILEY RILEY, Debtor MELISSA J. DAVEY, Trustee, | |
| Respondent(s). | |

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that the Movant named above has filed a Motion for Relief from the Automatic Stay and related papers with the Court seeking an Order Granting Relief from the Automatic Stay.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Motion in Courtroom 1202, United States Courthouse, 75 Ted Turner Drive SW, Atlanta, GA 30303, at 1:30 P.M., on February 22, 2018.

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings, or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how, and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court, 75 Ted Turner Drive SW, Room 1340, Atlanta, GA 30303. You must also mail a copy of your response to the undersigned at the address stated below.

If a hearing on the motion for relief from the automatic stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the motion and agrees to a hearing on the earliest possible date. If a final decision cannot

be rendered by the Court within sixty (60) days of the date of the request, Movant waives the requirement that a final decision be issued within that period. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

Joshua Ryden, Bar No.: 140502
Attorney for Movant
Aldridge Pite, LLP
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (888) 873-6147
Email: jryden@aldridgepite.com

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 17-68950-pmb |
| LEGURTHA BAILEY RILEY, | CHAPTER: 13 |
| Debtor. | JUDGE: PAUL BAISIER |
| WELLS FARGO BANK, N.A., | CONTESTED MATTER |
| Movant, | |
| v. | |
| LEGURTHA BAILEY RILEY, Debtor MELISSA J. DAVEY, Trustee, | |
| Respondent(s). | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

COMES NOW Movant named above and shows this Court the following:

1.      This Motion is made pursuant to Section 362(d) of the Bankruptcy Code for relief from the automatic stay for all purposes allowed by law and the contract between the parties, including, but not limited to, the right to foreclose on certain real property by a private power of sale contained in a certain Security Deed.

2.      Movant is the holder or the servicer of a loan secured by certain real property in which the Debtor has an interest. Said real property is security for a Promissory Note, and is commonly known as 2553 Brookgate Crossing, Ellenwood, Georgia 30294.

3.      Debtor executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Movant or has been duly indorsed. Movant, directly or through an agent, has possession of the promissory note. Movant is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

4.    There has been a default in mortgage payments which have come due since this case was filed. As of January 11, 2018, three (3) post petition payments of $710.12 each which totals to be $2,130.36 have been missed.

5.    Movant estimates the value of the property to be $148,220.00, based upon Debtor(s) Bankruptcy Schedules A & D.

6.    As of January 11, 2018, Movant's total claim is $79,583.70, consisting of unpaid principal balance of $65,527.24, accrued interest of $5,740.66, advances of $6,682.51, late charges of $173.10, and fees and costs of $1,460.19. This is not an exact figure and may not be relied upon for payoff purposes.

7.    To the best of Movant's knowledge, information and belief, its lien is first priority. Movant has no knowledge, information or belief as to any other secured claims against the property.

8.    Because of the default and clear inability to make all required payments, Movant is not adequately protected.

9.    Movant requests that in the event the Motion is granted, the Trustee be ordered to cease funding any balance of Movant's claim.

10.    Movant requests that the provisions of Fed. R. Bankr. P 4001(a)(3) be waived.

11.    Debtor(s) executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

WHEREFORE, Movant prays for an Order lifting the automatic stay, authorizing it to proceed with the exercise of its private power of sale and to foreclose under its Loan Documents

and appropriate state statutes. Movant also prays that Fed. R. Bankr. P. 4001(a)(3) be waived.

Movant also prays that the Chapter 13 Trustee make no further payments on account of

Movant's secured claim, that Movant be permitted to contact the Debtor or Debtor's Counsel, as

appropriate, through its agents, servicers and representatives for the purpose of engaging in

discussions and consideration for possible loss mitigation options, and for such other and further

relief as is just and equitable.

Joshua Ryden, Bar No.: 140502
Attorney for Movant
Aldridge Pite, LLP
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (888) 873-6147
Email: jryden@aldridgepite.com

# NOTE

**Multistate**

FHA Case No.

JANUARY 30, 2012

[Date]

2553 BROOKGATE CROSSING, ELLENWOOD, GA  30294

[Property Address]

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means WELLS FARGO BANK, N.A.

and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of SEVENTY THOUSAND FOUR HUNDRED AND 00/100

Dollars (U.S. $ *********70,400.00 ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of FOUR AND ONE-HALF percent (  4.500              %) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

### (A) Time

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on MARCH 01              , 2012        . Any principal and interest remaining on the first day of FEBRUARY                ,
2042        , will be due on that date, which is called the "Maturity Date."

### (B) Place

Payment shall be made at WELLS FARGO HOME MORTGAGE, P.O. BOX 11701, NEWARK, NJ 071014701                              or at such place as Lender may designate in writing by notice to Borrower.

### (C) Amount

Each monthly payment of principal and interest will be in the amount of U.S. $ *******356.71      . This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

### (D) Allonge to this Note for payment adjustments

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

☐ Graduated Payment Allonge   ☐ Growing Equity Allonge   ☐ Other [specify]

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of FOUR                                  percent ( 4.000                        %) of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)      _Legurtha B Riley_____ (Seal)
             -Borrower              LEGURTHA B RILEY              -Borrower

_____ (Seal)      _____ (Seal)
             -Borrower                                           -Borrower

_____ (Seal)      _____ (Seal)
             -Borrower                                           -Borrower

_____ (Seal)      _____ (Seal)
             -Borrower                                           -Borrower



FILED
CLAYTON CO  GA

2012 FEB -2  PM 1 32

JACCULINE D WILLS
CLERK SUPERIOR COURT

270

**FEARNLEY & PRICE** LLC
**2295** Parklake Dr  NE  Suite **500**
Atlanta  GA 30345

After Recordation Return to
FINAL DOCS T7408-01F
4101 WISEMAN BLVD BLDG 108
SAN ANTONIO  TX  78251-4200

**Georgia Intangible Tax Paid**
$ _21150_
Date _2 - 3_ 20 _12_
**JACQULINE D WILLS**
**Clerk, Clayton County**

---

-[Spa e Above This Line For Recording Data]-

State of Georgia

## SECURITY DEED

FHA Case No

---

THIS SECURITY DEED ( Security Instrument ) is given on **JANUARY 30    2012**
The Grantor is **LEGURTHA B RILEY    A SINGLE PERSON**

and whose address is

**330 ARROWHEAD BLVD APT 2C    JONESBORO    GA    60000**

( Borrower )  This Security Instrument is given to  **WELLS FARGO BANK  N A**

which is organized and existing under the laws of **THE UNITED STATES**                  and
whose address is **101 NORTH PHILLIPS AVENUE  SIOUX FALLS  SD  57104**
( Lender )  Borrower owes Lender the principal sum of
**SEVENTY THOUSAND FOUR HUNDRED AND 00/100**

Dollars (U S $ **\*\*\*\*\*\*\*\*\*70 400 00** )
This debt is evidenced by Borrower s note dated the same date as this Security Instrument ( Note )  which

FHA G   gi  Security Deed  4/96
4R(GA) (9707)
P g 1 18
VMP MORTGAGE FORMS  (800)521 7291

BK I 0068 PG067

provides for monthly payments with the full debt if not paid earlier due and payable on **FEBRUARY 01 2042** This Security Instrument secures to Lender (a) the repayment of the debt evidenced by the Note with interest and all renewals extensions and modifications of the Note (b) the payment of all other sums with interest advanced under paragraph 7 to protect the security of this Security Instrument and (c) the performance of Borrower s covenants and agreements under this Security Instrument and the Note For this purpose Borrower does hereby grant and convey to the Lender and Lender s successors and assigns with power of sale the following described property located in **CLAYTON** County Georgia **SEE EXHIBIT A**

**THIS IS A PURCHASE MONEY SECURITY INSTRUMENT**
**TAX STATEMENTS SHOULD BE SENT TO    WELLS FARGO HOME MORTGAGE   P O  BOX 11701**
**NEWARK  NJ  071014701**

which has the address of **2553 BROOKGATE CROSSING  ELLENWOOD** [Street City]
Georgia **30294** [Zip Code] ( Property Address )

TO HAVE AND TO HOLD this property unto Lender and Lender s successors and assigns forever together with all the improvements now or hereafter erected on the property and all easements appurtenances and fixtures now or hereafter a part of the property All replacements and additions shall also be covered by this Security Instrument All of the foregoing is referred to in this Security Instrument as the Property

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered except for encumbrances of record Borrower warrants and will defend generally the title to the Property against all claims and demands subject to any encumbrances of record

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property

Borrower and Lender covenant and agree as follows

UNIFORM COVENANTS

**1  Payment of Principal Interest and Late Charge** Borrower shall pay when due the principal of and interest on the debt evidenced by the Note and late charges due under the Note

**2  Monthly Payment of Taxes Insurance and Other Charges** Borrower shall include in each monthly payment together with the principal and interest as set forth in the Note and any late charges a sum for (a) taxes and special assessments levied or to be levied against the Property (b) leasehold payments or ground rents on the Property and (c) premiums for insurance required under paragraph 4 In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ( Secretary ) or in any year in which such premium would have been required if Lender still held the Security Instrument each monthly payment shall also include either (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary in a reasonable amount to be determined by the Secretary Except for the monthly charge by the Secretary these items are called Escrow Items and the sums paid to Lender are called Escrow Funds

Lender may at any time collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower s escrow account under the Real Estate Settlement Procedures

BK10068PG068



4R(GA) (9707)          Pg 2 f8          I b I _____

Act of 1974  12 U S C  Section 2601 *et seq*  and implementing regulations  24 CFR Part 3500  as they may be amended from time to time ( RESPA )  except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower s payments are available in the account may not be based on amounts due for the mortgage insurance premium

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA  Lender shall account to Borrower for the excess funds as required by RESPA   If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due  Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument   If Borrower tenders to Lender the full payment of all such sums  Borrower s account shall be credited with the balance remaining for all installment items (a)  (b)  and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary  and Lender shall promptly  refund any excess funds to Borrower Immediately prior to a foreclosure sale of the Property  or its acquisition by Lender  Borrower s account shall be credited with any balance remaining for all installments for items (a)  (b)  and (c)

3  **Application of Payments**  All payments under paragraphs 1 and 2 shall be applied by Lender as follows

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium

Second, to any taxes  special assessments  leasehold payments or ground rents  and fire  flood and other hazard insurance premiums  as required

Third  to interest due under the Note

Fourth, to amortization of the principal of the Note  and

Fifth, to late charges due under the Note

4  **Fire  Flood and Other Hazard Insurance**  Borrower shall insure all improvements on the Property  whether now in existence or subsequently erected  against any hazards  casualties and contingencies  including fire  for which Lender requires insurance  This insurance shall be maintained in the amounts and for the periods that Lender requires  Borrower shall also insure all improvements on the Property  whether now in existence or subsequently erected  against loss by floods to the extent required by the Secretary  All insurance shall be carried with companies approved by  Lender  The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of  and in a form acceptable to  Lender

In the event of loss  Borrower shall give Lender immediate notice by mail  Lender may make proof of loss if not made promptly by Borrower  Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender  instead of to Borrower and to Lender jointly  All or any part of the insurance proceeds may be applied by Lender  at its option  either (a) to the reduction of the indebtedness under the Note and this Security Instrument  first to any delinquent amounts applied in the order in paragraph 3  and then to prepayment of principal  or (b) to the restoration or repair of the damaged Property  Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2  or change the amount of such payments  Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness  all right  title and interest of Borrower in and to insurance policies in force shall pass to the purchaser

5  **Occupancy  Preservation  Maintenance and Protection of the Property  Borrower s Loan Application Leaseholds**  Borrower shall occupy  establish  and use the Property as Borrower s principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower s principal residence for at least one year after the date of occupancy  unless Lender determines that requirement will cause undue hardship for Borrower  or unless extenuating circumstances exist which are beyond Borrower s control  Borrower shall notify Lender of any extenuating circumstances  Borrower shall not commit waste or destroy  damage or substantially change the Property or allow the Property to deteriorate  reasonable wear and tear excepted  Lender may inspect the Property if the Property  is vacant or abandoned or the loan is in default  Lender may take reasonable action to protect and preserve such vacant or

  

4R(GA) (9707)                                          Pg 3 f 8

I b I _____

BK10068PG0609

abandoned Property  Borrower shall also be in default if Borrower  during the loan application process  gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note  including but not limited to  representations concerning Borrower s occupancy of the Property as a principal residence  If this Security Instrument is on a leasehold  Borrower shall comply with the provisions of the lease  If Borrower acquires fee title to the Property  the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing

    6  Condemnation  The proceeds of any award or claim for damages  direct or consequential  in connection with any condemnation or other taking of any part of the Property  or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument  Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument  first to any delinquent amounts applied in the order provided in paragraph 3  and then to prepayment of principal  Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments  which are referred to in paragraph 2  or change the amount of such payments  Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto

    7  Charges to Borrower and Protection of Lender s Rights in the Property  Borrower shall pay all governmental or municipal charges  fines and impositions that are not included in paragraph 2  Borrower shall pay these obligations on time directly to the entity which is owed the payment  If failure to pay would adversely affect Lender s interest in the Property  upon Lender s request Borrower shall promptly furnish to Lender receipts evidencing these payments

    If Borrower fails to make these payments or the payments required by paragraph 2  or fails to perform any other covenants and agreements contained in this Security Instrument  or there is a legal proceeding that may significantly affect Lender s rights in the Property (such as a proceeding in bankruptcy  for condemnation or to enforce laws or regulations)  then Lender may do and pay whatever is necessary to protect the value of the Property and Lender s rights in the Property  including payment of taxes  hazard insurance and other items mentioned in paragraph 2

    Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument  These amounts shall bear interest from the date of disbursement  at the Note rate and at the option of Lender  shall be immediately due and payable

    Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender  (b) contests in good faith the lien by  or defends against enforcement of the lien in  legal proceedings which in the Lender s opinion operate to prevent the enforcement of the lien  or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument  If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument  Lender may give Borrower a notice identifying the lien  Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice

    8  Fees  Lender may collect fees and charges authorized by the Secretary

    9  Grounds for Acceleration of Debt

        (a) Default  Lender may  except as limited by regulations issued by the Secretary  in the case of payment defaults  require immediate payment in full of all sums secured by this Security Instrument if

            (i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment  or

            (ii) Borrower defaults by failing  for a period of thirty days  to perform any other obligations contained in this Security Instrument

        (b) Sale Without Credit Approval  Lender shall  if permitted by applicable law (including Section 341(d) of the Garn St  Germain Depository Institutions Act of 1982  12 U S C  1701j 3(d)) and with the prior approval of the Secretary  require immediate payment in full of all sums secured by this Security Instrument if

BK10068PG070

(i) All or part of the Property or a beneficial interest in a trust owning all or part of the Property is sold or otherwise transferred (other than by devise or descent) and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary

**(c) No Waiver** If circumstances occur that would permit Lender to require immediate payment in full but Lender does not require such payments Lender does not waive its rights with respect to subsequent events

**(d) Regulations of HUD Secretary** In many circumstances regulations issued by the Secretary will limit Lender s rights in the case of payment defaults to require immediate payment in full and foreclose if not paid This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary

**(e) Mortgage Not Insured** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof Lender may at its option require immediate payment in full of all sums secured by this Security Instrument A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof declining to insure this Security Instrument and the Note shall be deemed conclusive proof of such ineligibility Notwithstanding the foregoing this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender s failure to remit a mortgage insurance premium to the Secretary

**10  Reinstatement** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower s failure to pay an amount due under the Note or this Security Instrument This right applies even after foreclosure proceedings are instituted To reinstate the Security Instrument Borrower shall tender in a lump sum all amounts required to bring Borrower s account current including to the extent they are obligations of Borrower under this Security Instrument foreclosure costs and reasonable and customary attorneys fees and expenses properly associated with the foreclosure proceeding Upon reinstatement by Borrower this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full However Lender is not required to permit reinstatement if (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding (ii) reinstatement will preclude foreclosure on different grounds in the future or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument

**11  Borrower Not Released  Forbearance By Lender Not a Waiver** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower s successor in interest Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower s successors in interest Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy

**12  Successors and Assigns Bound  Joint and Several Liability  Co Signers** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower subject to the provisions of paragraph 9(b) Borrower s covenants and agreements shall be joint and several Any Borrower who co signs this Security Instrument but does not execute the Note (a) is co signing this Security Instrument only to mortgage grant and convey that Borrower s interest in the Property under the terms of this Security Instrument (b) is not personally obligated to pay the sums secured by this Security Instrument and (c) agrees that Lender and any other Borrower may agree to extend modify forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower s consent

BK10068PG071

lti  

**13  Notices**  Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method  The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender  Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower  Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph

**14  Governing Law  Severability**  This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located  In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law  such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision  To this end the provisions of this Security Instrument and the Note are declared to be severable

**15  Borrower's Copy**  Borrower shall be given one conformed copy of the Note and of this Security Instrument

**16  Hazardous Substances**  Borrower shall not cause or permit the presence  use  disposal  storage  or release of any Hazardous Substances on or in the Property  Borrower shall not do  nor allow anyone else to do  anything affecting the Property that is in violation of any Environmental Law  The preceding two sentences shall not apply to the presence  use  or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property

Borrower shall promptly give Lender written notice of any investigation  claim  demand  lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge  If Borrower learns  or is notified by any governmental or regulatory authority  that any removal or other remediation of any Hazardous Substances affecting the Property is necessary  Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law

As used in this paragraph 16  Hazardous Substances  are those substances defined as toxic or hazardous substances by Environmental Law and the following substances  gasoline  kerosene  other flammable or toxic petroleum products  toxic pesticides and herbicides  volatile solvents  materials containing asbestos or formaldehyde and radioactive materials  As used in this paragraph 16  Environmental Law  means federal laws and laws of the jurisdiction where the Property is located that relate to health  safety or environmental protection

NON UNIFORM COVENANTS  Borrower and Lender further covenant and agree as follows

**17  Assignment of Rents**  Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property  Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents  However  prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument  Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower  This assignment of rents constitutes an absolute assignment and not an assignment for additional security only

If Lender gives notice of breach to Borrower  (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only  to be applied to the sums secured by the Security Instrument  (b) Lender shall be entitled to collect and receive all of the rents of the Property  and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower  However  Lender or a judicially appointed receiver may do so at any time there is a breach  Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender  This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full

BK10068PG072

Init  ℒ𝐵ℛ

18  **Foreclosure Procedure**  If Lender requires immediate payment in full of all sums under paragraph 9 Lender may invoke the power of sale granted by Borrower and any other remedies permitted by applicable law  Borrower appoints Lender the agent and attorney in fact for  Borrower to exercise the power of sale Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided  in this paragraph 18  including  but not limited to  reasonable attorneys  fees and costs of title evidence

If Lender invokes the power of sale  Lender shall give a copy of a notice of sale to Borrower in the manner provided  in paragraph 13 and shall give notice of sale by public advertisement for the time and in the manner prescribed by applicable law  Lender  without further demand on Borrower  shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Lender determines  Lender or its designee may purchase the Property at any sale

Lender shall convey to the purchaser indefeasible title to the Property  and Borrower hereby appoints Lender Borrower s agent and attorney in fact to make such conveyance  The recitals in the Lender s deed shall be prima facie evidence of the  truth of the statements made therein  Borrower covenants  and agrees that Lender shall apply the proceeds of the sale in the  following order  (a) to all expenses of the sale  including  but not limited to  reasonable attorneys  fees  (b) to all sums secured by this Security Instrument  and (c) any excess to the person or persons legally entitled to it  The power and agency granted are coupled with an interest  are irrevocable by death or otherwise and are cumulative to the remedies for collection of debt as provided by law

If the Property is sold pursuant to this paragraph 18  Borrower or any person holding possession of the Property through Borrower  shall immediately surrender possession of the Property to the purchaser at the sale  If possession is not surrendered  Borrower or such person shall be a tenant holding over and may be dispossessed in accordance with applicable law

If the Lender s interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9  the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ( Act )(12 U S C  3751 *et seq* ) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act  Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law

19  **Release**  Upon payment of all sums secured by this Security Instrument  Lender shall cancel this Security Instrument  without charge to Borrower  Borrower shall pay any record ation costs

20  **Waiver of Homestead**  Borrower waives all rights of homestead exemption in the Property

21  **Assumption not a Novation**  Lender s acceptance of an assumption of the obligations of this Security Instrument  and the Note  and any release of Borrower in connection therewith, shall not constitute a novation

22  **Security Deed**  This conveyance is to be construed under the existing laws of the State of Georgia as a deed passing title  and not as a mortgage  and is intended to secure the payment of all sums secured hereby

23  **Riders to this Security Instrument**  If one or more riders are executed by Borrower and recorded together with this Security Instrument  the covenants  of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument  [Check applicable box(es)]

☐ Condominium Rider          ☐ Growing Equity Rider          ☐ Other [specify]
☐ Planned Unit Development Rider     ☐ Graduated Payment Rider



It is

BK 1 0 0 6 8 PG 0 7 3

BY SIGNING BELOW  Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it

Signed sealed and delivered in the presence of

_____        *Legurtha B Riley*_____ (Seal)
Un ff  1 W t ess                                       **LEGURTHA B RILEY**              B rr w

_____        _____ (Seal)
                                                                                        Borr wer

_____ (Seal)   _____ (Seal)
B  rr w r                                               Borrower

_____ (Seal)   _____ (Seal)
B  rr w                                                  Borr w

_____ (Seal)   _____ (Seal)
Borrowe                                                 B rr w

Notary Public                                           Cobb          Cou ty

BK I 0068 PG 07 4

# EXHIBIT "A"

## LEGAL DESCRIPTION

**ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 245 OF THE 12TH LAND DISTRICT OF CLAYTON COUNTY GEORGIA BEING LOT 1 PHASE ONE OF BROOKGATE SUBDIVISION CLAYTON COUNTY GEORGIA RECORDED IN PLAT BOOK 34 PAGES 119 124 CLAYTON COUNTY GEORCIA RECORDS WHICH PLAT IS INCORPORATED HEREIN BY RFFERENCE AND MADE A I ART HEREOF FOR A MORE PARTICULAR AND COMPLETE DESCRIPTION**

**Property Address**      **2553 Brookgate Crossing**
**Ellenwood  GA 30294**

BK I 0068 PG 075

LENDER   **WELLS FARGO BANK, N A**

DATE OF SECURITY DEED   **JANUARY 30  2012**

# WAIVER OF BORROWER'S RIGHTS

By execution of this paragraph  Grantor expressly  (1) Acknowledges the **RIGHT TO ACCELERATE** the Debt and the **POWER OF ATTORNEY** given herein to Lender to sell the premises by nonjudicial foreclosure upon default by Grantor without any judicial hearing and without any notice other than such notice as is required to be given under the provisions hereof  (2) **WAIVES** any and all rights which Grantor may have under the provisions of the constitution for the several states  or by reason of any other applicable law to notice and to judicial hearing prior to the exercise by Lender of any right or remedy herein provided to Lender except such notice as is specifically required to be provided hereof  (3) acknowledges that Grantor has read this Deed and specifically this paragraph and any and all questions regarding the legal effect of said Deed and its provisions have been explained fully to Grantor and Grantor has been afforded an opportunity to consult with Counsel of Grantor s choice prior to executing this deed  (4) acknowledges that all waivers of the aforesaid rights of Grantor have been made knowingly  intentionally and willingly by Grantor as part of a bargained for loan transaction and (5) agrees that the provisions hereof are incorporated into and made a part of the Security Deed

Read and agreed by Grantor
Signed  sealed and delivered in the presence of

_Legurtha B Riley_ _____ (Seal)
LEGURTHA B RILEY                        Grantor

_____ (Seal)
                                        Grantor

_____ (Seal)
                                        Grantor

_____ (Seal)
                                        Grantor

# CLOSING ATTORNEY'S AFFIDAVIT

Before the undersigned attesting officer personally appeared the undersigned closing attorney  who  having been first duly sworn according to law  states under oath as follows
In closing the above loan  but prior to the execution of the Deed to Secure Debt and  Waiver of the Borrower s Rights  by the Borrower(s)  I reviewed with and explained to the Borrower(s) the terms and provision of the Deed to Secure Debt and particularly the provisions thereof authorizing the Lender to sell the secured property by a nonjudicial foreclosure under a power of sale  together with the  Waiver of Borrower s Rights  and informed the Borrower(s) of Borrower s rights under the Constitution of the State of Georgia and the Constitution of the United States to notice and a judicial hearing prior to such foreclosure in the absence of a knowing  intentional and willing contractual waiver by Borrower(s) of Borrower s rights  After said review with and explanation to the Borrower(s)  Borrower(s) executed the Deed to Secure Debt and  Waiver of Borrower s Rights

Based on said review with and explanation to the Borrower(s)  it is my opinion that Borrower(s) knowingly intentionally and willingly executed that waiver of Borrower s constitutional rights to notice and judicial hearing prior to any such nonjudicial foreclosure  Sworn to and subscribed before me on the date set forth above

_____ (Seal)
                                        Closing Attorney

GA Waiver of Borrower s Rights and Closing
Attorney Affidavit RETAIL
NMFL 4344  (GAWA)  Rev 9/2011

| | |
|---|---|
| LOAN NUMBER | |
| GRANTOR | Legurtha B Riley |
| LENDER | Wells Fargo Bank N A |
| DATE OF SECURITY DEED | January 30 2012 |

## WAIVER OF BORROWERS RIGHTS RIDER

BY EXECUTION OF THIS PARAGRAPH GRANTOR EXPRESSLY (1) ACKNOWLEDGES THE RIGHT TO ACCELERATE THE DEBT AND THE POWER OF ATTORNEY GIVEN HEREIN TO LENDER TO SELL THE PREMISES BY NONJUDICIAL FORECLOSURE UPON DEFAULT BY GRANTOR WITHOUT ANY JUDICIAL HEARING AND WITHOUT ANY NOTICE OTHER THAN SUCH NOTICE AS IS REQUIRED TO BE GIVEN UNDER THE PROVISIONS OF PARAGRAPH 21 HEREOF (2) WAIVES ANY AND ALL RIGHTS WHICH GRANTOR MAY HAVE UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES THE VARIOUS PROVISIONS OF THE CONSTITUTION FOR THE SEVERAL STATES OR BY REASON OF ANY OTHER APPLICABLE LAW TO NOTICE AND TO JUDICIAL HEARING PRIOR TO THE EXERCISE BY LENDER OF ANY RIGHT OR REMEDY HEREIN PROVIDED TO LENDER EXCEPT SUCH NOTICE AS IS SPECIFICALLY REQUIRED TO BE PROVIDED IN PARAGRAPH 21 HEREOF (3) ACKNOWLEDGES THAT GRANTOR HAS READ THIS DEED AND SPECIFICALLY THIS PARAGRAPH AND PARAGRAPH 21 OF THIS DEED AND ANY AND ALL QUESTIONS REGARDING THE LEGAL EFFECT OF SAID DEED AND ITS PROVISIONS HAVE BEEN EXPLAINED FULLY TO GRANTOR AND GRANTOR HAS BEEN AFFORDED AN OPPORTUNITY TO CONSULT WITH COUNSEL OF GRANTOR S CHOICE PRIOR TO EXECUTING THIS DEED (4) ACKNOWLEDGES THAT ALL WAIVERS OF THE AFORESAID RIGHTS OF GRANTOR HAVE BEEN MADE KNOWINGLY INTENTIONALLY AND WILLINGLY BY GRANTOR AS PART OF A BARGAINED FOR LOAN TRANSACTION AND (5) AGREES THAT THE PROVISIONS HEREOF ARE INCORPORATED INTO AND MADE A PART OF THE SECURITY DEED

O C G A SECTION 7 1 1014 (3) REQUIRES THAT WE INFORM YOU THAT IF YOU FAIL TO MEET ANY CONDITION OR TERM OF THE DOCUMENTS THAT YOU SIGN IN CONNECTION WITH OBTAINING A MORTGAGE LOAN YOU MAY LOSE THE PROPERTY THAT SERVES AS COLLATERAL FOR THE MORTGAGE LOAN THROUGH FORECLOSURE

READ AND AGREED TO BY GRANTOR

Grantor(s)

_Legurtha B Riley_
Legurtha B Riley

Signed Sealed and delivered in
the presence of

_____ (SEAL)

Witness

_____ (SEAL)

Notary Public
My Commission Expires

## CLOSING ATTORNEY AFFIDAVIT

Before me the undersigned attesting officer personally appeared the undersigned closing attorney who having been first duly sworn according to law states under oath as follows

In closing the above loan but prior to the execution of the Deed to Secure Debt and Waiver of Borrower's Rights by the Borrower(s) I reviewed with and explained to the Borrower(s) the terms and provisions of the Deed to Secure Debt and particularly the provisions thereof authorizing the Lender to sell the secured property by a nonjudicial foreclosure under a power of sale together with the Waiver of Borrower s Rights and informed the Borrower(s) of Borrower's right under the Constitution of the State of Georgia and the Constitution of the United States to notice and a judicial hearing prior to such foreclosure in the absence of a knowing intentional and willing contractual waiver by Borrower(s) of Borrower s rights After said review with the explanation to Borrower(s) Borrower(s) executed the Deed to Secure Debt and Waiver of Borrower's Rights

Based on said review with and explanation to the Borrower(s) it is my opinion that Borrower(s) knowingly intentionally and willingly executed the Waiver of Borrower s constitutional rights to notice and judicial hearing prior to any such nonjudicial foreclosure

Sworn to and subscribed before me on the date set forth above

_____ (SEAL)

Notary Public
My Commission Expires

_____
Closing Attorney

## GRMA DISCLOSURE

O C G A SECTION 7 1 1014(3) REQUIRES THAT WE INFORM YOU THAT IF YOU FAIL TO MEET ANY CONDITION OR TERM OF THE DOCUMENTS THAT YOU SIGN IN CONNECTION WITH OBTAINING A MORTGAGE LOAN YOU MAY LOSE THE PROPERTY THAT SERVES AS COLLATERAL FOR THE MORTGAGE LOAN THROUGH FORECLOSURE

Acknowledged and agreed to by

_Legurtha B Riley_
Legurtha B Riley

_____

BK I 0 0 6 8 PG 0 7 7

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

IN RE:                                    Case No. 17-68950-PMB

LEGURTHA BAILEY RILEY,                    Chapter 13

       Debtor.

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify under penalty of perjury that I am, and at all times hereinafter mentioned, was more than 18 years of age, and that on the January 24, 2018, I served a copy of **Notice of Hearing and Motion for Relief from the Automatic Stay** which was filed in this bankruptcy matter on the January 24, 2018, in the manner indicated:

**The following parties have been served via e-mail**:

Howard P. Slomka                          Melissa J. Davey
se@myatllaw.com                           mail@13trusteeatlanta.com

**The following parties have been served via U.S. First Class Mail**:

Legurtha Bailey Riley
2553 Brookgate Crossing
Ellenwood, GA 30294

**I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Dated: January 24, 2018

                    Joshua Ryden, Bar No.: 140502
                    Attorney for Movant
                    Aldridge Pite, LLP
                    Fifteen Piedmont Center
                    3575 Piedmont Road, N.E., Suite 500
                    Atlanta, GA 30305
                    Phone: (404) 994-7400
                    Fax: (888) 873-6147
                    Email: jryden@aldridgepite.com